UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSE DEJESUS,

                Plaintiff,                     03 Civ. 1298 (RJH)

        - against -              **MEMORANDUM OPINION**
                                      **AND ORDER**

STARR TECHNICAL RISKS AGENCY, INC.

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


        By memorandum opinion and order dated September 23, 2004, this Court granted

defendant's motion for summary judgment and ordered that this case be closed.

Thereafter, pursuant to a judgment dated November 5, 2004, defendant was awarded

costs in the amount of $3,805.20.  Plaintiff now moves to set aside that judgment

pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54.1 of the

Local Rules of the United States District Court for the Southern District of New York.

For the reasons set forth below, the Court denies plaintiff's motion and directs the Clerk

to tax costs as previously determined.

### I. Background

        After prevailing on summary judgment, defendant filed a timely request to tax

costs pursuant to Local Rule 54.1(a), notifying plaintiff that a bill of costs would be

presented to the Clerk of Court on November 5, 2004.  (Def's Ex. A).  Plaintiff did not

submit a written objection to the Clerk prior to November 5; neither did plaintiff or his

counsel appear at the hearing.  (Pl.'s Mem. 1.)  On November 5, the clerk taxed plaintiff

costs in the amount of $3,805.20.  (Def's Ex. A.)

## II. Plaintiff's Motion is Untimely

Pursuant to Local Rule 54.1(b), "[a] party objecting to any cost item shall serve

objections in writing *prior to or at* the time for taxation."  S.D.N.Y. R. 54.1(b) (emphasis

added).  Plaintiff acknowledges that he failed to comply with Local Rule 54.1(b), but

seeks to excuse that failure by asserting that his counsel was unable to appear at the

November 5 hearing, and had been rebuffed in his many attempts to adjourn the hearing

to a later, more convenient date.  (Pl.'s Mem. 2.)  This excuse is without merit.  Even

assuming that plaintiff had good cause for not attending the hearing, there is no reason

why he could not have submitted a written objection to the clerk at some point *prior* to

the hearing, as contemplated by Local Rule 54.1(b).  Thus, the Court finds that plaintiff

defaulted under Local Rule 54.1 by not objecting to the bill of costs prior to November 5,

2004.  *L&B 57th Street, Inc. v. E.M. Blanchard, Inc.*, No. 95 Civ. 3450, 1997 WL

403430, at *1 (S.D.N.Y. July 16, 1997) ("Failure to make written objections prior to or at

the hearing normally constitutes a default."); *see also Weisbart v. U.S. Dept. of Taxation*,

No. CV-97-6020 (CPS), 2001 WL 1782873, at *3 (E.D.N.Y. Nov. 13, 2001) (the losing

party's failure to submit any objection to the bill of costs prior to taxation constituted a

waiver of its right to object).

Even so, Rule 54(d)(1) of the Federal Rules of Civil Procedure provides for post

taxation relief by allowing that, "[o]n motion served within 5 days [after taxation by the

clerk], the action of the clerk may be reviewed by the court."  FED. R. CIV. P. 54(d)(1).

Again, however, plaintiff failed to file a timely motion.  Taxation occurred on November

5.  Plaintiff did not move to set aside costs until November 19, well after the five-day window closed on November 12.  In an attempt to avoid this outcome, plaintiff suggests that the five-day period should be calculated from the point when he received *notice* of the taxation, which he contends was November 12.  That is plainly wrong.  Rule 54(d)(1) says that any motion shall be filed within five days of *taxation*, which in this case occurred on November 5.  In any case, plaintiff acknowledges that he had notice of the November 5 hearing – indeed, he argues that he unsuccessfully attempted to adjourn the hearing – which means that he had constructive notice that costs were to be taxed on that day.  The Court therefore finds that plaintiff's Rule 54(d)(1) motion is untimely.  *See E.M. Blanchard*, 1997 WL 403430, at *1; *Glucover v. Coca-Cola Bottling Co. of New York, Inc.*, No. 91 Civ. 6331 (PKL), 1996 WL 1998, at *3 (S.D.N.Y. Jan. 3, 1996).

### III. Merits of Plaintiff's Motion

Even if plaintiff's motion to set aside costs had been timely, the Court would deny the motion on the merits.  Rule 54(d) grants costs to a prevailing party as a matter of course in the absence of a countervailing statute or rule.  FED. R. CIV. P. 54(d)(1); *see also Cosgrove v. Sears, Roebuck, & Company*, 191 F.3d 98, 101 (2d Cir. 1999).  Such an award is the norm, not an exception.  *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001).  For this reason, the losing party has the burden to show that costs should not be imposed.  *Id*.

In this regard, plaintiff first argues that the Court should reduce or eliminate the cost award in light of his limited financial means, and his good faith in bringing the lawsuit.  (Pl.'s Mem. 2-3.)  Plaintiff also argues that the disparity in resources between himself and defendant should counsel against awarding costs.  *Id*.  Good faith by itself

does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith. *Whitfield*, 241 F.3d at 272-73. Moreover, although a district court may deny costs based on financial hardship, indigency *per se* does not preclude an award of costs against an unsuccessful litigant. *Id.*; *see also Glucover*, 1996 WL 1998, at *2; *Vails v. Police Dept. of City of New York*, No. 96 Civ. 5283 (DC), 1999 WL 970490, at *1-2 (S.D.N.Y. Oct. 22, 1999) (although the losing party's financial situation made it difficult to bear the costs imposed, her claim of indigence did not entitle her to the complete relief requested). Rather, the party asserting a lack of funds must demonstrate his indigency. *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 33 (N.D.N.Y. 1994).

Here, plaintiff alleges he has filed for bankruptcy, but admits he receives an annual salary of $40,000. (Pl.'s Reply Mem. 1; Pl.'s Ex. A.) Given that plaintiff has financial means well above that of indigent parties – against whom costs are routinely taxed – this Court finds no reason why costs in the amount of $3,805.20 should be set aside. *See Simmons v. Poltrone*, No. 96-Civ 8659, 2001 WL 1251464, at *1 (E.D. Pa. Sept. 26, 2001) (upholding taxation of costs against a plaintiff earning no income because the plaintiff had an earning capacity well above poverty level); *Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663 (M.D. Ala. 1999) (ordering $2,162.16 to be taxed to a party with a monthly income of $3,620 and monthly expenses of $2,495); *Smith v. Blue Cross/Blue Shield, Inc.*, 184 F.R.D. 634, 636 (D. Kan. 1999) ($3,600 in costs was a reasonable amount to be repaid by someone with plaintiff's annual salary of $14,560).

Finally, this Court joins many other courts in rejecting plaintiff's argument that the disparity in wealth between himself and the defendant militates against an award of

costs. *See, e.g., Smith v. Southeastern Pennsylvania Transportation Authority*, 47 F.3d 97, 99-100 (3d Cir. 1995) (rejecting the general proposition that it is "inequitable" to tax costs in favor of a prevailing party with substantially greater wealth than the losing party); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999) (basing awards on a comparison of the parties' financial strengths would undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor); *Reed v. Int'l Union of United Auto., Aerospace & Agric. Implement Workers of Am.*, 945 F.2d 198, 204 (7th Cir. 1991); *Bilezikjian v. Baxter Healthcare Corp.*, No. 92 Civ. 9498 (HB), 1999 WL 945522, at *2 (S.D.N.Y. Oct. 18, 1999) (declining to vacate costs on equitable grounds because such an exception would deny wealthy prevailing parties their statutory entitlement to such costs); *Graber v. U.S.*, No. 01 Civ. 1269 (JSR), 2003 WL 22743085, at *1 (S.D.N.Y. Nov. 20, 2003) (rejecting plaintiff's argument that the disparity in wealth between him and the Government should preclude the award of costs). Thus, even had plaintiff filed a timely motion to set aside costs, the Court would not deviate from the general practice of awarding costs to the prevailing party, and would therefore uphold the award.

## Conclusion

For the foregoing reasons, plaintiff's motion to set aside the bill of costs [40] is DENIED.


SO ORDERED


Dated: New York, New York
      April 22, 2005

Richard J. Holwell
United States District Judge
